# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : CRIMINAL ACTION |
| | : |
| v. | : NO. 20-14 |
| | : |
| MAURICE MULDROW | : |

## ORDER

**AND NOW**, this 3rd day of November 2020, upon considering Defendant's Motion to suppress (ECF Doc. No. 17), the United States' Response (ECF Doc. No. 19), the parties' post-hearing Findings of Fact and Conclusions of Law (ECF Doc. Nos. 31, 32), evaluating the credibility of witnesses presented during an extensive evidentiary hearing, and for reasons in the accompanying Memorandum with Findings of Fact and Conclusions of Law, it is **ORDERED** Defendant's Motion to suppress (ECF Doc. No. 17) is **GRANTED in part** and **DENIED in part**:

1. We **suppress** Defendant's statements in response to custodial interrogation without *Miranda* warnings: "I didn't have a gun on me."; "Sarge, come on, Sarge, Can you please give me a chance?"; "Sarge, come on, I'm going to be done. I work for the City. You see the ID in my pocket."; Defendant's shake of the head in response to "so what are you carrying a gun for?"; "Sarge, come on, Sarge, please, give me a chance, Sarge, please."; "Sarge! . . . I mean what can I do? I'm going to be done, Sarge/"; "I'm gonna lose by job, I'm gonna be done and everything, I don't have no more chances Sarge."; Defendant's shake of the head in response to "so if you had no more chances, then why'd you take the chance of carrying a gun, you now what I mean?"; Defendant's "No" in response to Sergeant Stephan's question about whether he had outstanding warrants; and, "You gotta give me a pass, Sarge."; and,

2.      We otherwise **DENY** Defendant's Motion to suppress (ECF Doc. No. 17) as to the admissibility of the crack cocaine, packaging materials, and statements not made in response to custodial interrogation.

_____
KEARNEY, J.