**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL ACTION** |
| | : | |
| **v.** | : | **NO.  20-14** |
| | : | |
| **MAURICE MULDROW** | : | |

## <u>MEMORANDUM</u>

**KEARNEY, J.**                                                                               **February 7, 2022**

      Maurice Muldrow moves to withdraw his guilty plea. He pleaded guilty to distributing crack cocaine, possessing a gun in furtherance of drug trafficking, and possessing a gun as a felon after a lengthy hearing where he agreed to the detailed fact and legal bases for a conviction. He faces a maximum sentence of life in prison. His appointed Federal Defender represented him after his initial appearance. The Federal Defender timely moved to suppress evidence. We held a suppression hearing where we studied a police sergeant's body camera footage of the charged conduct. His Federal Defender persuaded us to suppress some post-custody statements and persuaded the United States to withdraw certain evidence. His Federal Defender then negotiated a plea recommendation of ninety-six months incarceration for us to consider at sentencing. He pleaded guilty on the scheduled first day of a jury trial. He swore to his guilt and non-coercion. He swore his Federal Defender explained all his rights, the charges, and the risks of a conviction. He later asked and we appointed new counsel weeks before sentencing. He and new counsel now move to withdraw his guilty plea shortly before his adjourned sentencing. Mr. Muldrow offers nothing but bald conclusions contrary to his sworn statements and the demonstrated evidence of guilt. There is no basis on the submitted record to find the Federal Defender provided ineffective assistance leading to the knowing plea. We deny Mr. Muldrow's motion to withdraw his plea.

## I.      Background

Our grand jury indicted Maurice Muldrow in October 2019 for possession with intent to distribute a controlled substance (crack cocaine), possession of a firearm in furtherance of a drug trafficking crime, and possession of a firearm by a felon.[1] Mr. Muldrow pleaded not guilty at his initial appearance.[2] We appointed the Federal Defender to represent Mr. Muldrow.[3]

### The Federal Defender vigorously presents Mr. Muldrow's arguments.

The Federal Defender timely moved to suppress the crack cocaine found on Mr. Muldrow's person and his statements to Philadelphia Police Sergeant Stephan at the time of his arrest.[4] We held an extensive suppression hearing.[5] We studied the video of Mr. Muldrow's entire encounter captured on the Sergeant's body camera. We accepted proposed post-hearing findings of fact and conclusions of law.[6] We issued seventy-one Findings of Fact, followed by Conclusions of Law and analysis.[7] We granted in part and denied in part Mr. Muldrow's motion, suppressing Mr. Muldrow's statements made to the Sergeant during a custodial interrogation without *Miranda* warnings.[8]

The Federal Defender also moved to exclude expert testimony regarding DNA evidence found on the gun seized at the time of Mr. Muldrow's arrest.[9] The Federal Defender and the United States agreed the United States' proposed expert "was unable to conclude whether any of the DNA [on the gun] was Mr. Muldrow's DNA" and "the parties no longer [sought] to admit at trial expert testimony regarding the DNA evidence."[10] The Federal Defender succeeded in her arguments.[11]

### *Mr. Muldrow pleads guilty on the eve of trial.*

The Court's COVID mitigation protocols required we repeatedly adjourn our trial date. We set the final trial date for June 23, 2021.[12] Mr. Muldrow then agreed to plead guilty to a lesser included offense on the crack cocaine distribution charge and the two gun charges.[13]

We conducted a change of plea hearing on June 23, 2021.[14] Mr. Muldrow swore he reviewed and discussed the Indictment with the Federal Defender.[15] He swore the Federal Defender explained the charges in the Indictment.[16] He swore the Federal Defender explained all the elements of the offenses charged, answered all of his questions, and had done everything he asked her to do.[17] When asked "[a]re you satisfied with the representation provided by your counsel," Mr. Muldrow responded, "[y]es, I'm satisfied."[18]

Mr. Muldrow swore he pleaded guilty on his own free will and no one threatened or forced him to do so.[19] He acknowledged reviewing and discussing the plea documents with the Federal Defender, confirmed he had enough time to discuss them with her, and confirmed he had no questions about the plea documents.[20] We informed Mr. Muldrow of the maximum sentence he faced, which he expressed he understood, as well as his rights if we did not accept the recommended sentence.[21] We discussed the Sentencing Guidelines, and the Federal Defender confirmed she explained them to Mr. Muldrow.[22] We explained to him, and he swore knowing of, the rights he forfeited by pleading guilty.[23]

Mr. Muldrow swore he thought about his decision to plead guilty and confirmed pleading guilty is his decision, not his attorney's.[24] The United States described the charges and elements of each charge against Mr. Muldrow.[25] Mr. Muldrow and his Federal Defender confirmed they discussed the elements of the charges and Mr. Muldrow confirmed he had no questions.[26]

The United States then described the fact basis for a conviction if Mr. Muldrow pleaded guilty.[27] We asked Mr. Muldrow: "Putting aside what Government witnesses would testify, and focusing just on your conduct of what happened that night and beforehand, did you do what the United States said you did?"[28] Mr. Muldrow responded, "yes."[29] Both counsel for the United States and the Federal Defender confirmed the fact basis for Mr. Muldrow's plea, Mr. Muldrow's competence to enter the plea, Mr. Muldrow's plea would be voluntary and not based on any promise not contained within the written plea agreement, and his plea would be made with a full understanding of the three charges and the forfeiture.[30] We found Mr. Muldrow to be "fully alert, competent, and capable of entering an informed plea" after observing him throughout the proceeding and listening to his responses.[31] We found any plea he entered would be knowing and voluntary and not the result of force, threat, or intimidation or based on promises not contained in the plea agreement.[32] We found Mr. Muldrow's plea supported by an independent basis in fact based on the United States' recitation and Mr. Muldrow's confirmation.[33] We also found Mr. Muldrow understood the charges against him, the maximum and mandatory minimum penalty he faced, and he gave up his right to go to trial and appeal if he pleaded guilty.[34] We asked him if he wished to change his plea from not guilty to guilty.[35] Mr. Muldrow swore he wished to plead guilty. He pleaded guilty to the lesser included drug distribution charge and the two gun charges.[36]

### *Mr. Muldrow pro se moves to arrest judgment and then requests new counsel.*

As we began to prepare for our long-scheduled sentencing hearing, Mr. Muldrow pro se moved to arrest judgment and dismiss the possession of a firearm in furtherance of drug trafficking charge to which he pleaded guilty months earlier.[37] We struck Mr. Muldrow's pro se effort without prejudice to his lawyer moving for relief.[38] The Federal Defender requested a

rescheduled sentencing date and we set sentencing for December 8, 2021.[39] Mr. Muldrow then wanted new counsel about a month before sentencing. The Federal Defender moved for a hearing to determine the status of counsel.[40] We granted Mr. Muldrow's request for new counsel and appointed Attorney Luther Weaver from our Criminal Justice Act panel to represent Mr. Muldrow.[41] We rescheduled sentencing for February 18, 2022.

Attorney Weaver then moved for a sentencing continuance approximately a month before the rescheduled sentencing hearing.[42] He also moved to withdraw the guilty plea.[43] We continued the sentencing hearing until March 24, 2022.[44]

## II.    Analysis

Mr. Muldrow moves to withdraw his guilty plea because the Federal Defender allegedly "mislead and misinformed" him by telling him he "was guilty of all [his] charges and had no way of any rhythm in the Courts, so her sole advice was to take a plea."[45] He further claims "a weight issue" with his possession with intent to distribute charge, and a "DNA issue" with the firearm charges which resulted in a *Daubert* motion being filed to which he doesn't know the outcome.[46] He also claims the Federal Defender did not tell him "the firearm had to have a significant effect and relationship to [his] possession" for the charge of possessing a firearm in furtherance of a drug trafficking crime.[47] He claims he told his Federal Defender before the guilty plea the gun and drugs had no integral relationship and showed her five or six cases purportedly supporting his position, but his Federal Defender disagreed with his analysis and thus her conduct "fell below the standard of professionalism required in our adversarial system."[48] He now wants to withdraw his guilty plea so he can diligently fight his case with his new counsel.[49] Attorney Weaver summarizes Mr. Muldrow's reasons for withdrawal as follows: he is innocent of all charges; "he has always wanted to go to trial to have his innocence

established; he felt coerced into pleading guilty; he was misled or not properly informed of the elements of Count Two [possession of a firearm in furtherance of drug trafficking]."[50] Attorney Weaver told Mr. Muldrow he "found no basis for concluding" the Federal Defender was ineffective.[51]

The United States opposes the motion.[52] It argues Mr. Muldrow fails to assert his innocence or buttress an assertion of innocence with facts in the record, fails to provide adequate reasons for withdrawing the plea, and the United States will be prejudiced if we grant the motion.[53] We agree with the United States and deny Mr. Muldrow's motion to withdraw his plea.

"Once accepted, a guilty plea may not automatically be withdrawn at the defendant's whim."[54] A plea of guilty before sentencing may only be withdrawn if the defendant "can show a fair and just reason for requesting the withdrawal."[55] "To determine if there has been such a showing, '[a] district court must consider three factors . . . (1) whether the defendant asserts his innocence; (2) the strength of the defendant's reasons for withdrawing the plea; and (3) whether the government would be prejudiced by the withdrawal.'"[56] Defendant's burden of demonstrating these factors is substantial.[57] "Accordingly, '[a] shift in defense tactics, a change of mind, or the fear of punishment are not adequate reasons to impose on the government the expense, difficulty, and risk of trying a defendant who has already acknowledged his guilt by pleading guilty.'"[58] Whether to grant a motion to withdraw a guilty plea lies within our discretion, and our Court of Appeals will only disturb the exercise of discretion if "no reasonable person would adopt the district court's view."[59]

### A.  Mr. Muldrow baldly asserts his innocence without supporting facts.

Mr. Muldrow baldly asserts his innocence but fails to show facts to meet his burden. He must not recall our detailed findings based on testimony and body camera footage. We saw the

alleged conduct when reviewing his partially successful motion to suppress evidence and statements.

"Bald assertions of innocence . . . are insufficient to permit a defendant to withdraw [his] guilty plea . . . Assertions of innocence must be buttressed by facts in the record that support a claimed defense."[60] A defendant must also "give sufficient reasons to explain why contradictory positions were taken before the district court and why permission should be given to withdraw the guilty plea."[61] Mr. Muldrow makes the bald assertion he is innocent in a summary argument.[62] He only tells us he told his Federal Defender "of findings that can help [him]," there is a "weight issue" with his possession charge, a DNA issue resulting in a *Daubert* motion, and he told his Federal Defender of "no Integral relationship with the drugs and gun" so his "conduct did not fall within the ambit of section 924(c)" and he showed her cases "with the language stating [his] reasoning for wanting to fight in trial."[63]  Mr. Muldrow points out perceived issues in his motion but falls well short of "buttressing" his bald assertion of innocence with facts.  His present statements are also contrary to his sworn statements during the plea colloquy, including he understood the elements of the offenses after discussion with his lawyer and his admission he engaged in the conduct the United States accused him of after the United States recited the factual basis for the plea.[64] Based on Mr. Muldrow's sworn admission to the facts based on the undisputed elements of the offense, we found a fact basis for the plea.

Mr. Muldrow's conduct is distinct from the facts of *United States v. Mondelice* where Judge Caputo granted the defendant's motion to withdraw his guilty plea because he found no fact basis for the plea.[65] There, the United States recited the facts it would prove at trial to establish the defendant possessed a firearm in furtherance of a drug trafficking crime.[66] Judge Caputo found the United States failed to establish the salient factors announced in *United States*

*v. Sparrow*,[67] including "(1) the type of weapon possessed; (2) the nature of the drug activity in question; (3) the accessibility to the defendant of the firearm; (4) whether the weapon is stolen; (5) whether the defendant possessed the gun legally or in an illicit manner; (6) whether the gun contains ammunition; (7) the proximity to the drugs or drug profits; and (8) the circumstances under which the gun is discovered."[68] The United States established the nonexclusive *Sparrow* factors in its recitation during Mr. Muldrow's plea hearing, including establishing the type of weapon possessed, it contained live ammunition, the nature of the drug activity Mr. Muldrow engaged in, how Mr. Muldrow possessed the firearm and where the police found it after he discarded it in a bush, the proximity of the firearm to the drugs, and Mr. Muldrow possessed the firearm illegally as a felon.[69]

Mr. Muldrow fails to meet his substantial burden to buttress his bald assertion of innocence with facts in the record.[70]

### B. Mr. Muldrow fails to explain his contradictory position or provide strong reasons to withdraw his plea.

Mr. Muldrow now asserts "he felt coerced into pleading guilty," "always wanted to proceed to trial," and "was misled or not properly informed of the elements" of his possession of a firearm in furtherance of drug trafficking charge to "explain the contradictory position he took during the plea colloquy" and provide "strong reasons" to withdraw his plea.[71] Mr. Muldrow asserts his Federal Defender provided representation "below the standard of professionalism required in our adversarial system," because he now apparently disagrees with her analysis of his case but his current counsel told Mr. Muldrow he "found no basis" to argue the Federal Defender's ineffectiveness.[72] Mr. Muldrow complains his Federal Defender advised him to plead guilty and he did so despite now claiming he disagreed with her legal analysis of his case.[73]

We begin with Mr. Muldrow's claim the Federal Defender's representation fell below professional standards. We will "permit a defendant to withdraw a guilty plea based on ineffective assistance of counsel only if (1) the defendant shows that his attorney's advice was under all the circumstances unreasonable under prevailing professional norms; . . .  and (2) the defendant shows that he suffered 'sufficient prejudice' from his counsel's errors."[74]

Mr. Muldrow fails on both prongs. First, Mr. Muldrow has not met his "substantial burden" of showing the Federal Defender's advice to plead guilty and not proceed with trial when facing a maximum penalty of life imprisonment and the United States offering a plea deal containing a recommended sentence of ninety-six months is "under all [] circumstances unreasonable under prevailing professional norms."[75] He proffers no facts in the record suggesting he is not guilty of possessing a firearm in furtherance of a drug trafficking crime or either of the other charges. Both Mr. Muldrow and his Federal Defender confirmed she explained the charges and the elements of each crime to Mr. Muldrow. He did not rebut the United States' recitation of the facts at his plea hearing to establish the necessary elements of each crime, rather he admitted to the conduct while under oath, nor does he attempt to rebut the facts now.

The Federal Defender provided vigorous well-presented argument consistent with the standards in our Court. The Federal Defender moved to suppress evidence on Mr. Muldrow's behalf, which we granted in part suppressing some of Mr. Muldrow's statements but not the drugs and other statements, and a *Daubert* motion to exclude the United States' expert, which resulted in the United States agreeing not to proffer expert testimony as to the DNA evidence found on the firearm. Mr. Muldrow's counsel agrees there is no basis to find the Federal Defender ineffective in advising Mr. Muldrow to plead guilty under the United States' proposed plea agreement. Mr. Muldrow's disagreement with his Federal Defender's advice and

understanding of the law as it pertains to his possession of a firearm in furtherance of a drug trafficking crime charge, which purportedly is contrary to his own understanding having studied "5-6 cases," does not carry the day for him. And his assertion about her representation now is contrary to swearing his satisfaction with the Federal Defender's representation.[76] We cannot find the Federal Defender's conduct in advising Mr. Muldrow to plead guilty to all three charges falls below prevailing professional norms.

Even if we did, Mr. Muldrow cannot establish he is "sufficiently prejudiced" by any of the perceived error. He fails to show the Federal Defender's advice caused him to "forgo a jury trial and admit guilt" when he is actually innocent with facts other than self-serving statements.[77] He adduces no facts to rebut the facts he admitted under oath. We already found those facts sufficiently supported the fact basis for his plea.

Mr. Muldrow fails to show ineffective assistance of counsel as a reason to withdraw his plea or to adequately explain the contradictory position he took at his change of plea hearing.

He also alleges the Federal Defender "coerced" him to accept the plea and always wanted to establish his innocence at trial. Mr. Muldrow offers no facts supporting a coerced plea. Today's assertion is belied by the record and our own observations of Mr. Muldrow at his change of plea hearing.[78] Mr. Muldrow swore to us when we agreed to accept his plea: the Federal Defender explained the Indictment, charges and elements of each charge to him; answered all of his questions and did everything he asked; he is satisfied with the Federal Defender's representation as of June 23, 2021; he pleaded guilty on his own free will and pleading guilty is his decision, not his attorney's; he signed the plea agreement after discussing it with the Federal Defender and confirming he had no questions from his attorney or the Court; he acknowledged all of the rights he gave up by pleading guilty; he confirmed he understood all the

elements of his charges after the United States recited them and confirmed his attorney explained them; he did the conduct as charged by the United States in its recitation of the fact basis of the plea; and, he is guilty of the crimes charged.[79] We found having observed Mr. Muldrow and listening to his answers if he pleaded guilty it would be voluntary and knowing, his own decision, and not coerced.[80] The record before us, specifically our extensive Rule 11 plea colloquy with Mr. Muldrow, establishes Mr. Muldrow pleaded guilty on his own free will and neither the United States nor his Federal Defender coerced him into doing so. Mr. Muldrow's present contention he "always wanted to go to trial" is belied by the fact he chose to plead guilty and acknowledged by doing so he gave up this right to trial. Mr. Muldrow has apparently changed his mind as he approaches sentencing just like he did shortly before our last sentencing hearing and shortly before our jury trial. His effort appears to be a mere change of defense tactics with a new lawyer with Mr. Muldrow now wishing to take his chances on a jury after previously admitting his guilt. A change of mind or change in defense strategy is not a reason to withdraw a guilty plea.

Mr. Muldrow fails to adequately explain why he swore to a different position at his plea colloquy and fails to establish strong reasons to withdraw his plea. Because Mr. Muldrow fails to buttress his bald assertion of innocence with facts, adequately explain his change in position from his plea colloquy, and otherwise fails to establish strong reasons to withdraw his plea, we need not decide whether the United States would be prejudiced by his withdrawal.[81]

### C.  There is no reason for an evidentiary hearing.

Mr. Muldrow seems to request an evidentiary hearing but neither he nor the United States brief whether we must hold it.[82] In reviewing a motion to withdraw a guilty plea we "need not

hold an evidentiary hearing if the allegations in the motion are inherently unreliable, not supported by specific facts or are not grounds for withdrawal even if true."[83]

We decline to hold an evidentiary hearing on Mr. Muldrow's motion. Mr. Muldrow offers no fact supporting his conclusory reasons to withdraw his guilty plea. And his statements are inherently unreliable as they are belied by his sworn statements to us. The record we have is clear Mr. Muldrow is not innocent of the charges.[84]

### III.   Conclusion

We deny Mr. Muldrow's Motion to withdraw his guilty plea.

---

[1] ECF Doc. No. 1.

[2] ECF Doc. No. 6.

[3] ECF Doc. No. 9.

[4] ECF Doc. No. 17.

[5] ECF Doc. Nos. 19, 23, 24.

[6] ECF Doc. Nos. 31–32.

[7] ECF Doc. No. 33.

[8] ECF Doc. No. 34.

[9] ECF Doc. No. 37.

[10] ECF Doc. No. 42.

[11] ECF Doc. No. 43.

[12] ECF Doc. Nos. 41, 45.

[13] ECF Doc. Nos. 55, 57.

[14] ECF Doc. No. 60.

[15] *Id.*, Notes of Testimony (N.T.), June 23, 2021, 6:14–21.

[16] *Id.* at 6:22–25.

[17] *Id.* at 7:1–9.

[18] *Id.* at 7:10–12.

[19] *Id.* at 7:16–23.

[20] *Id.* at 9:20–10:11, 11:5–7.

[21] *Id.* at 13:23–15:7.

[22] *Id.* at 15:8–16:6.

[23] *Id.* at 19:9–22:16.

[24] *Id.* at 25:15–21.

[25] *Id.* at 26:15–28:5.

[26] *Id.* at 28:6–15.

[27] *Id.* at 28:22–31:18.

[28] *Id.* at 31:23–32:1.

[29] *Id.* at 32:2.

[30] *Id.* at 32:3–33:3.

[31] *Id.* at 33:4–33:9.

[32] *Id.* at 33:10–33:14.

[33] *Id.* at 33:15–33:14.

[34] *Id.* at 33:18–34:1.

[35] *Id.* at 34:2–4.

[36] *Id.* at 34:5–22.

[37] ECF Doc. No. 62.

[38] ECF Doc. No. 63.

[39] ECF Doc. No. 64.

[40] ECF Doc. Nos. 65–67.

[41] ECF Doc. No. 69.

[42] ECF Doc. No. 72.

[43] ECF Doc. No. 70.

[44] ECF Doc. No. 73.

[45] ECF Doc. No. 70 at 7, ¶ 21.

[46] *Id.*

[47] *Id.*

[48] *Id.*

[49] *Id.*

[50] *Id.* at 8, ¶ 22.

[51] *Id.* at 6–7, ¶ 20, n.2.

[52] ECF Doc. No. 74.

[53] *Id.*

[54] *United States v. James*, 928 F.3d 247, 253 (3d Cir. 2019) (quoting *United States v. Brown*, 250 F.3d 811, 815 (3d Cir. 2001)).

[55] Fed. R. Crim. P. 11(d)(2)(B); *see also James*, 928 F.3d at 253.

[56] *James*, 928 F.3d at 253 (quoting *United States v. Jones*, 336 F.3d 245, 252 (3d Cir. 2003)).

[57] *Id.* (quoting *Jones*, 336 F.3d at 252).

[58] *United States v. Siddons*, 660 F.3d 699, 703 (3d Cir. 2011) (quoting *Jones*, 336 F.3d at 252).

[59] *James*, 928 F.3d at 253 (quoting *United States v. Steiner*, 847 F.3d 103, 110 (3d Cir. 2017)).

[60] *Brown*, 250 F.3d at 818 (internal quotations omitted).

[61] *Id.* (internal quotation and further citation omitted); *see also Siddons*, 660 F.3d at 703.

[62] ECF Doc. No. 70 at 7–8.

[63] *Id.* at 7, ¶ 21.

[64] N.T., June 23, 2021, at 31:23–32:2.

[65] No. 15-295, 2016 WL 7104300 (M.D. Pa. Dec. 6, 2016).

[66] *Id.* at *4.

[67] 371 F.3d 851, 853 (3d Cir. 2004).

[68] *Mondelice*, 2016 WL 7104300, at *3 (reciting *Sparrow* factors).

[69] N.T., June 23, 2021, at 28:22–31:18.

[70] *Siddon*s, 660 F.3d at 703 (finding no "fair and just reason" to withdraw defendant's guilty plea when defendant "state[d] that he is innocent, [but] he does not, as required, cite to any record evidence that would support his claim of innocence or sufficiently explain the contradictory position he took during the plea colloquy."); *see also United States v. Darby,* 322 F. App'x 122, 123 (3d Cir. 2009) (finding defendant's "unexplained blanket assertion of innocence simply insufficient to justify withdrawal of his guilty plea").

[71] ECF Doc. No. 70 at 8, ¶¶ 22–23.

[72] *Id.* at 6–7, ¶ 20 n.2.

[73] *Id.* at 7, ¶ 21.

[74] *Jones*, 336 F.3d at 253–54 (citing *United States v. Day*, 969 F.2d 39, 45 (3d Cir.1992)); *see also United States v. Napper*, 767 F. App'x 271, 272–73 (3d Cir. 2019) (upholding district court's denial of motion to withdraw guilty plea based on ineffective assistance of counsel without holding evidentiary hearing).

[75] *Jones*, 336 F.3d at 253 (citing *Day*, 969 F.2d at 42).

[76] *See James*, 928 F.3d at 258 (discussing defendant's mere assertions about counsel's statements the judge is corrupt "not enough" for ineffective assistance and the significance of defendant averring during the plea colloquy he was satisfied with his attorney's representation, and finding "[t]hat alone, given the rest of this record, is a sufficient ground to disallow a charge of ineffective assistance of counsel as a basis for withdrawal of the guilty plea.").

[77] *Id.* ("[Defendant] has also failed to establish the prejudice prong . . . [Defendant] has not provided any reason, yet again aside from his own self-serving statements, to believe that [attorney's] alleged conduct caused him to forgo a jury trial and admit guilt."); *Napper*, 767 F. App'x at 273 (finding defendant did not show prejudice of attorney not moving to suppress evidence because he failed to show the motion to suppress would have likely succeeded).

[78] *See, e.g.* ECF Doc. No. 60 (change of plea hearing transcript); *see also James*, 928 F.3d at 257 (finding defendant affirmed at plea colloquy no one threated or promised him something to pleaded guilty, he entered the plea on his own free will, and defendant failed to point to anything to undermine statements made under oath at plea colloquy so "[defendant] cannot credibly argue that the District Court abused its discretion in concluding that his late-breaking and unsupported assertions of duress did not favor granting motion for withdrawal"); *United States v. Cody*, 716 F. App'x 85, 87–89 (3d Cir. 2017) (reviewing extensive Rule 11 plea colloquy and finding after evidentiary hearing "[i]n light of [defendant's] admissions to the extensive factual basis for the guilty plea . . . [defendant's] statement that he was guilty, and mindful of the comprehensive guilty plea colloquy, we conclude that the District Court did not abuse its discretion in denying [defendant's] motion to withdraw his guilty plea."); *United States v. Dennis*, 527 F. App'x 221, 225 (3d Cir. 2013) (reviewing Rule 11 colloquy and finding "the record clearly establishes that [defendant's] decision to pleaded guilty was made voluntarily, knowingly, and with a full understanding of the consequences," contradicting defendant's argument "he was tricked, misled, and rushed into pleadeding guilty").

[79] N.T., June 23, 2021, at 6:14–35:9.

[80] *Id.* 33:4–34:4.

[81] *Jones*, 336 F.3d at 255 ("[T]he Government need not show such prejudice when a defendant has failed to demonstrate that the other factors support a withdrawal of the plea.") (citing *United States v. Harris*, 44 F.3d 1206, 1210 (3d Cir.1995)); *see also James*, 928 F.3d at 259 ("Because neither [defendant's] assertions of innocence nor any of his other reasons for withdrawal favored granting his motion, the District Court was not required to evaluate the prejudice to the government.") (citing *Jones*, 336 F.3d at 255).

[82] ECF Doc. No. 70 at 8 ¶ 23.

[83] *United States v. Thompson*, 48 F. App'x 24, 25 (3d Cir. 2002) (citing *United States v. Thompson*, 906 F.2d 1292, 1299 (8th Cir.1990)); *see also Napper*, 767 F. App'x at 273 (citing *Thompson*, 906 F.2d at 1299 and finding the district did not abuse its discretion in denying a hearing on the motion to withdraw the guilty plea because "[t]he district court found that [defendant's] claims were vague allegations lacking factual support, and [defendant] has not demonstrated otherwise on appeal."); *United States v. Hogan*, No. 06-537-2, 2011 WL 13202182, at *3 (E.D. Pa. Feb. 8, 2011), *aff'd*, 453 F. App'x 247 (3d Cir. 2011) (collecting cases).

---

[84] *See Thompson*, 48 F. App'x at 25 ("[Defendant] has failed to show any reason for the trial court to have held a hearing as the record was clear that he was not innocent of the charge. The District Court did not abuse its discretion in failing to conduct an evidentiary hearing.").