# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| v. | : | NO. 20-14 |
| | : | |
| MAURICE MULDROW | : | |

# MEMORANDUM

**KEARNEY, J.**                                                                                                                                      **February 16, 2024**

      We varied downward from the recommended sentencing guidelines to sentence Maurice Muldrow to ninety-six months of incarceration after he pleaded guilty to possession with intent to distribute an unspecified quantity of crack cocaine, possession of a firearm in furtherance of a drug trafficking crime, and possession of a firearm by a felon.

      Mr. Muldrow now moves for a reduced sentence under a recent amendment to the Sentencing Guidelines allowing federal sentencing judges to reduce earlier sentences if the convicted person committed the offense while under a criminal justice sentence. The Sentencing Commission amended the two-point criminal history score increase to only a one-point increase where a defendant with seven or more criminal history points committed the charged offense while on probation. The amendment requires we reduce the defendant's criminal history score from nine to eight criminal history points. But this reduction does not affect our sentence. Mr. Muldrow remains in the same criminal history category with the same recommended guidelines range. The new sentencing recommendations do not apply. We have no basis to reduce his sentence and deny his motion.

I. Background

Mr. Muldrow pleaded guilty to possession with intent to distribute an unspecified quantity of crack; possession of a firearm in furtherance of a drug trafficking crime; and possession of a firearm by a felon.[1]

We proceeded to sentencing. Mr. Muldrow agreed to the probation officer's and his attorney's calculation of an offense level of nineteen and a criminal history score of seven based on his three adult criminal convictions. Under the Sentencing Guidelines Manual in effect at the time of Mr. Muldrow's sentencing, we added two status points to the criminal history score if the defendant committed the charged offense while on probation. Mr. Muldrow's criminal history score increased from seven to nine because he committed the drug and firearm offenses while on probation in a separate criminal matter. The Sentencing Commission then recommended we sentence Mr. Muldrow to 106–117 months of incarceration. We varied from the recommended range and sentenced Mr. Muldrow to a total of ninety-six months of incarceration and three years of supervised release on May 23, 2022.[2]

The United States Sentencing Commission amended the Sentencing Guidelines allowing sentencing judges to reduce a defendant's two status points after February 1, 2024 to only one status point if the defendant received seven or more criminal points and committed the offense while under any criminal justice sentence.

II. Analysis

Mr. Muldrow now asks we reduce his sentence under his reading of the Sentencing Commission's amendment. He argues the amendment to the "status points" provision of the Sentencing Guidelines requires we reduce his criminal history score from seven to five criminal history points and place him in criminal history category III with a reduced sentencing guidelines

range.[3] The United States counters Mr. Muldrow is not eligible for a sentence reduction because the status points amendment does not lower Mr. Muldrow's sentencing guideline range.[4]

The Sentencing Commission's criminal history score reduction applies to Mr. Muldrow. But reducing Mr. Muldrow's criminal history score does not impact the recommended sentencing guidelines.

Mr. Muldrow agreed to the probation officer's and his attorney's calculation of an offense level of nineteen and a criminal history score of seven. Mr. Muldrow's criminal history score then increased to nine after adding two status points because he was on probation when he committed the underlying offenses.[5] Mr. Muldrow's criminal history score (nine) placed him in criminal history category IV. The Sentencing Commission recommended forty-six to fifty-seven months for the underlying drug and firearm offenses, plus a mandatory consecutive sentence of sixty months on the Section 924(c) count for a total recommended range of 106–117 months of incarceration.

The amended "status points" provision in Part A to Amendment 821 to the Sentencing Guidelines instructs sentencing judges should:

> Add 1 point if the defendant (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.[6]

The Sentencing Commission instructs sentencing judges only add one status point instead of two status points when a defendant with seven or more criminal points committed the offense while under any criminal justice sentence. The Sentencing Commission's one-point criminal history score reduction applies to Mr. Muldrow because (1) he received seven points for his prior convictions, and (2) he committed the instant offenses while serving a sentence of probation

imposed in a separate criminal matter. Mr. Muldrow mistakenly asserts he is entitled to a two-point criminal history score reduction under the recent amendments when the applicable amendment entitles him to only a one-point score reduction.

Applying the Sentencing Commission's one-point criminal history score reduction amends Mr. Muldrow's criminal history score to eight. Mr. Muldrow's amended criminal history score—eight—still places him in criminal history category IV, which applies to defendants who receive seven to nine criminal history points. The Sentencing Commission still recommends the range of forty-six to fifty-seven months of incarceration for the underlying drug and firearm offenses, plus a mandatory consecutive sentence of sixty months on the Section 924(c) count. Mr. Muldrow's sentence—ninety-six months—falls below this recommended range.

Mr. Muldrow is not eligible for a sentence reduction because the amendment does not lower his applicable guideline range.

### III. Conclusion

Maurice Muldrow moves for a reduced sentence citing the Sentencing Commission's recent criminal history score reduction amendment. Mr. Muldrow cannot seek relief under the new amendment because his reduced criminal history score still places him in criminal history category IV with the same recommended guidelines range of 106-117 months of incarceration. We sentenced Mr. Muldrow below the guidelines range to ninety-six months of incarceration. We deny Mr. Muldrow's motion for reduction of sentence.

---

[1] ECF No. 57.

[2] ECF No. 97.

[3] ECF No. 101. We read Mr. Muldrow's Request for appointment of counsel as a motion for a reduction of sentence.

[4] ECF No. 106 at 6.

[5] Mr. Muldrow mistakenly alleges he has seven criminal history points but he agreed to the presentence investigation report in which our officer calculated nine criminal history points.

[6] U.S.S.G. § 4A1.1(e).